```
FILED
November 06, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002206249
```

6
JUDITH C. HOTZE, State Bar No. 123725
Trial Attorney
ANTONIA G. DARLING, State Bar No. 76190
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814-2322
(916) 930-2100 / Fax (916) 930-2099

Attorneys for Acting United States Trustee,
Region 17, Sara L. Kistler

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                    Case No. 09-35643-C-11

                                          DC No. **UST-1**

**Gerry P. Espinoza,**                    Date:   November 17, 2009
                                          Time:   9:30 a.m.
                                          Dept.:  C
            Debtor,                       Courtroom: 35, 6th floor
_____/

### MOTION OF THE UNITED STATES TRUSTEE
### FOR ORDER AUTHORIZING APPOINTMENT OF CHAPTER 11 TRUSTEE

The Acting United States Trustee for the Eastern District of California ("UST") hereby moves the Court for an order authorizing the UST to appoint a chapter 11 trustee in this case. In support of the motion, the UST incorporates by reference herein the "Declaration of Teresa Field" (**"the Field Declaration"**) and the "Declaration of Judith C. Hotze" (**"the Hotze Declaration"**), filed herewith.

### BACKGROUND

This case was filed on July 27, 2009. The Debtor is represented by Mitchell Abdallah of

-1-

The Abdallah Law Group. The Schedules and Statement of Financial Affairs were filed 10 days late (See Docket Item # 11), resulting in the rescheduling of the UST's Initial Debtor Interview ("**IDI**") from August 15 to August 31, 2009. *See the Field Declaration.* During the IDI the Debtor admitted that, despite the more than adequate amount of time taken to prepare the bankruptcy papers, he had failed to list a number of significant assets:

(A) A 13-condominium project located at **929-953 Vermont Avenue** in Turlock. (But see the discussion below regarding the subsequent discovery that title is actually held by a corporation owned by Mr. Espinoza, "Gerryland Investments, Inc.," now in its own chapter 11 case);

(B) A California corporation called "**Gerrylaide, Inc.**" under which Mr. Espinoza operates two care homes, "**Gerrylaide Manor I**" and "**Gerrylaide Manor III**;"

(C) Real property at **155 Sunset Blvd**, which is leased to Gerrylaide Manor III; and

(D) Approx. 50% interest in real property at **261-269 Medford**, which is leased to Gerrylaide Manor I. *See the Field Declaration.*

The Section 341 meeting of creditors ("**341 meeting**") was held on September 4, 2009. Attorney Mitchell Abdallah, having advised of his inability to attend the meeting, asked that **paralegal Mervyn Naidoo** be allowed to attend with the Debtor. Six creditors appeared. Given the unlisted assets discovered at the IDI, and given the presence of creditors having personal knowledge of Mr. Espinoza's business affairs, the questioning at the 341 meeting was lengthy and detailed. At this meeting, Mr. Espinoza admitted to the existence of additional unlisted assets and one unlisted secured creditor:

(A) Real property located at **228 S. Rose Street**;

(B) A **lawsuit**, filed by Mr. Espinoza approximately 3 weeks prior to bankruptcy, against Delta National Bank;

(C) Secured creditor **Delta National Bank**, which holds deeds of trust against 3 of the unlisted real properties (Vermont Avenue, Medford, and Rose);

1    (D) A corporation called **"Gerryland Investments, Inc."** (a separate entity from
2    Gerrylaide, Inc.) *See the Hotze Declaration.*
3    When asked why he had not listed Vermont, Medford, Rose St., and the lawsuit in his
4    schedules, Mr. Espinoza said that he had thought he could exclude them. This implies that the
5    omission had been knowing and intentional. When asked whether he had told his attorney about
6    these assets, he answered "yes." The truth of that assertion is not known. Before concluding the
7    341 meeting the UST reminded the Debtor of his responsibility to file amended bankruptcy
8    papers. *See the Hotze Declaration.*
9    On September 11, 2009, the Debtor filed Amended Schedules. *See Docket Items # 35-39.*
10   On September 14, 2009, the Debtor filed an Amended Statement of Financial Affairs. *See Docket*
11   *Item #41.* The amended documents made some of the necessary changes, but were still
12   inaccurate, as follows:
13   (A) Schedule A was amended to add the Vermont Avenue property, but did not add 155
14   Sunset Blvd and 261-169 Medford. (At this point the Debtor evidently still did not realize that
15   title to the Vermont Avenue property is held by Gerryland Investments, Inc., not by him
16   personally.);
17   (B) Schedule H was amended to add codebtor Peter & Sons Investments, LLC, but did
18   not add codebtor Gerryland Investments, Inc., which was primarily liable on the debt to Delta
19   National Bank which Mr. Espinoza had personally guaranteed;
20   (C) Schedule D was amended to add Delta National Bank, but it only showed Vermont
21   Avenue (which isn't really owned by Mr. Espinoza) as the collateral, and did not show Medford
22   and Rose Street (which are owned by him personally and which he gave as collateral to the
23   bank). The UST learned at the Espinoza 341 meeting that Mr. Espinoza also owes unpaid real
24   property taxes in the amount of $25,000 which are not listed;
25   (D) The Statement of Financial Affairs was amended to add Gerryland Investments, Inc.
26   to Question No. 18, which asks for businesses which the Debtor owned or managed within the

last 6 years, but it did not add Gerrylaide, Inc. or United Pacific Realty. Additionally, the amended SoFA failed to list the lawsuit pending against Delta National Bank.

The UST is informed and believes that sometime shortly before September 14, 2009, Delta National Bank was threatening to foreclose on the 13 condominiums on Vermont Avenue in Turlock. On September 14, 2009, Mr. Espinoza, trying for a quick fix, filed an Amended Voluntary Petition, adding Gerryland Investment, Inc. as a "dba.". *See Docket Item #45.* Of course, that action was insufficient to put Gerryland Investment, Inc. under bankruptcy protection, and hence insufficient to protect the Vermont Avenue property.

So, on September 21, 2009, the Abdallah Law Group filed a separate chapter 11 case for Gerryland Investments, Inc., Case No. 09-40289-C-11. The Petition made no reference to the related case of Gerry Espinoza (resulting in the initial assignment of the case to Judge McManus). Schedule H failed to list Mr. Espinoza as codebtor (based on his personal guarantee of the Delta National Bank loan). However, the SoFA, at Question No. 21b, did show Mr. Espinoza as the President and 100% owner of the corporation.

On October 13, 2009, the UST's Bankruptcy Analyst held an IDI in the Gerryland Investments, Inc. case. Given the number of newly discovered assets in the Gerry Espinoza case, the analyst took the opportunity to review with Mr. Espinoza his personally-owned assets, in addition to those owned by the corporate debtor. Disturbingly, but not surprisingly, two more unscheduled personally-owned real properties came to light:

(A) **11517 15th Avenue, Lemoore, CA;**

(B) **130 E. Hanford Armona Rd., Lemoore, CA.** *See the Field Declaration.*

Despite this discovery, Mr. Espinoza's personal Schedule A has not been amended to add these two properties.

## 11 U.S.C. § 1104(a)(1)
### (Fraud, dishonesty, incompetence, or gross mismanagement)

11 U.S.C. § 1104(a)(1) provides in relevant part that upon a proper request the court shall

-4-

order the appointment of a trustee for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case.

Here, Mr. Espinoza essentially admitted that he had made the conscious choice not to list certain assets in his bankruptcy papers. He stated that he believed he didn't have to. The facts suggest that he culled out specific assets and related information (such as a guaranty, a lawsuit, and a secured creditor), with the intent to not involve them in the bankruptcy. If true, this was dishonesty, and cause for appointment of a trustee. If not dishonesty, then Mr. Espinoza signed his bankruptcy papers under penalty of perjury with reckless disregard as to the truth or falsity of their contents — which is the functional equivalent of dishonesty.

## 11 U.S.C. § 1104(a)(2)
### (The interests of creditors)

11 U.S.C. § 1104(a)(2) provides that upon a proper request the court shall order the appointment of a trustee if such appointment is in the interests of creditors.

Here, creditors, the Court, and the UST cannot have confidence in what the Debtor says, or in what his Schedules and Statement of Financial Affairs say. The truth has been a moving target, revealed over time during a 341 meeting and two IDIs. Debtor's attorneys, The Abdallah Law Group, have not facilitated the process. They have failed to amend the bankruptcy papers to the point of correctness, and they do not seem to know some very basic information regarding their client (for example, that he personally guaranteed the debt of Gerryland Investments, Inc. to Delta National Bank, a fact which precludes the law firm from simultaneously representing both estates).

Appointment of a trustee would be in the best interests of creditors, and would afford Mr. Espinoza his best chance to achieve a successful result in this case.

**BASED ON THE FOREGOING**, the United States Trustee requests that this Court

enter an order authorizing the UST to appoint a chapter 11 trustee in this case.

Executed at Sacramento, California on November 6, 2009.

Respectfully submitted,

JUDITH C. HOTZE
Attorney for the
Acting United States Trustee

Direct Phone: (916) 930-2087
E-mail: judy.c.hotze@usdoj.gov