MITCHELL L. ABDALLAH, #231804
ABDALLAH LAW GROUP
980 9TH ST. 16TH FLOOR
SACRAMENTO, CA 95814
TEL:/ (916) 449-9580
FAX:/ (916) 449-9581
MITCH@ABDALLAHLAW.NET

Attorneys for Debtor: Gerry P. Espinoza

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Gerry P. Espinoza<br><br>Debtor. | Case No. 09-35643-C-11<br><br>DCN: MLA-01<br><br>Judge: Christopher M. Klein<br>Date: November 17, 2009<br>Dept.: C<br>Courtroom: 35, 6th Floor |

### MOTION OF THE DEBTOR IN OPPOSITION OF APPOINTMENT OF CHAPTER 11 TRUSTEE

Gerry Espinoza ("Debtor"), by and through his counsel of record, Mitchell L. Abdallah, does hereby submit this opposition to the appointment of a chapter 11 trustee by the United States Trustee ("UST") in this case. In support of the motion, Debtor incorporates by reference herein the "Declaration of Gerry P. Espinoza" ("Espinoza Declaration"). What is more, Debtor hereby requests the Court not issue an order to appoint a chapter 11 trustee and allow Debtor to remain as a debtor-in-possession.

# BACKGROUND

This case was filed on July 27, 2009. At the time of filing the Chapter 11 petition, Debtor was severely indebted to his creditors and facing foreclosures on several properties. Debtor is sole owner or co-owner of approximately 29 real properties. Based on his knowledge and belief, Debtor voluntarily filed his chapter 11 petition disclosing all pertinent asset, liability and personal information at the time. Additionally, Debtor has timely provided the UST and this court the following information:

1. Profit and loss statements for 2008 thru 2009;
2. Cash flow statements thru July, 2009;
3. Bank Statements current through September 2009;
4. Completed 2007 and 2008 taxes;
5. Completed Monthly operating reports for August and September 2009 with corresponding financial records;
6. Payment of quarterly trustee fees;
7. Filed Preliminary Status Report.

On August 31, 2009, Debtor attended his initial debtor interview with counsel. Debtor was honest and forthright in his answers to all questions posed by the attending bankruptcy analyst. Upon examination of Debtor regarding his assets and liabilities pertinent information was found wanting in the schedules and statement of affairs. Debtor omitted this information because he believed that it was not pertinent to his personal bankruptcy or misunderstood the need for inclusion. (See "Espinoza Declaration").

The majority of the previously undisclosed information required by the UST was subsequently submitted at Debtor's 341 meeting on September 4, 2009. Similarly, numerous

amendments were required by the UST at the 341 meeting. To date, Debtor believes all of those amendments have been made. (See "Declaration of Espinoza"). Debtor has continued to disclose all pertinent asset and liability information. Debtor's monthly operating report accurately documents all information regarding his assets and liabilities.

## Debtor's Chapter 11 Objective

Through assistance of counsel, Debtor has charted a course of action to achieve success through this chapter 11 action. Debtor plans to secure title to has many properties as possible. In that regard, counsel has begun to negotiate new modified terms of adequate protection with several interested banks. Banks previously unwilling to grant Debtor a loan modification, have now initiated the negotiation process with Debtor's counsel.

Debtor continues to take an active role in increasing his income. He has maintained all his properties in good order and vigorously attempts to fill vacant rentals. His efforts have kept rental incomes from decreasing and with assistance of the lending institutions; Debtor will increase disposable income to pay-off creditors.

Due to the large number of real properties and interested parties, negotiated terms for several properties are a time consuming effort. Debtor seeks a reasonable period of time to maximize his success under chapter 11.

BASED ON THE FOREGOING, Debtor requests that this Court enter an order: (1) permitting the Debtor to continue as debtor-in-possession without appointment of a Trustee; (2) permit the Debtor reasonable amount of time to formulate a successful Chapter 11 plan beneficial to all creditors.

Dated: 12-Nov-2009

Respectfully submitted,

/s/ Mitchell L. Abdallah

MITCHELL L. ABDALLAH

Counsel for Debtor

GERRY P. ESPINOZA