FILED
November 13, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002221702

3

JaVonne M. Phillips, Esq., SBN 187474
Jennifer C. Wong, Esq., SBN 246725
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800
Fax (619) 685-4810

Attorney for: Secured Creditor,
JP Morgan Chase Bank, National Association, successor in interest from the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank and/or successors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-35643 |
| | ) |
| | ) DC No.: JCW-3 |
| Gerry P. Espinoza, | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY** |
| JP Morgan Chase Bank, National Association, its assignees and/or successors in interest, | ) |
| | ) |
| Secured Creditor, | ) Date: 12/15/09 |
| v. | ) Time: 9:30 a.m. |
| | ) Ctrm: 35, 6th Floor |
| Gerry P. Espinoza, Debtor, | ) Place: 501 I Street |
| | ) Sacramento, CA |
| | ) |
| Respondents. | ) Judge: Christopher M. Klein |
| | ) |
| | ) |
| | ) |

JP Morgan Chase Bank, National Association ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving

party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor property, commonly known as 18-20 East Los Felis Avenue & 8943 San Pasquel, Stockton, CA 95210, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

The current value of the Debtor's subject Property is $146,000.00, based upon the Debtor's own value as set forth in Schedule A. Movant requests the court to take judicial notice of the Debtor's Schedules. **See Exhibit "2"**.

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 146,000.00 |
| Total Liens to Secured Creditor | $ | 308,694.73 |
| Equity | $ | (162,694.73) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the ten day stay described in Bankruptcy Rule 4001(a)(3) be waived.
3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.
4. For such other relief as the Court deems proper.

Dated: November 13, 2009

McCarthy & Holthus, LLP

By: /s/ Jennifer C. Wong________
Jennifer C. Wong, Esq.
Attorney for Secured Creditor
JP Morgan Chase Bank, National Association